UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCO MELCHOR, | ) | CASE NO. 4:20-cv-1022 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| | ) | |
| MARK K. WILLIAMS, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Marco Melchor ("Melchor") is a 39-year-old inmate confined at the Elkton Federal Correctional Institution ("FCI Elkton") with a projected release date of September 23, 2023. *See* https://www.bop.gov/inmateloc/ (last visited 5-22-2020). Melchor has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release from prison to home confinement in light of circumstances surrounding the COVID-19 pandemic.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

I.     **Background**

In the petition, Melchor expresses general concern for his health and safety in light of the COVID-19 global pandemic and its impact on FCI Elkton. (*See* Doc. No. 1.) He indicates that several inmates have been diagnosed with COVID-19 and seven have died. (*Id.* ¶ 4.) He states that although FCI Elkton has taken steps to isolate and quarantine inmates who test positive, those methods are not adequate to protect the entire prison population, given that individuals may carry the disease and be contagious while remaining asymptomatic. (*Id.* ¶ 6.) He does not suggest he suffers from any of the health conditions that place him in a higher risk category for developing the most serious complications from this disease should he contract it. Instead, he contends that the nature of the disease makes it impossible for any prison to prevent its spread and protect the lives of the prisoners. (*Id.* ¶ 7.) Melchor asserts that the conditions inside FCI Elkton violate his Eighth Amendment rights. (*Id.* ¶ 13.) He states the only viable remedy to abate this situation is to release him immediately to home confinement.[1] (*Id.* ¶ 15.)

In addition, he does not represent that he has exhausted his administrative remedies with respect to his claim. Rather, conceding that he has not exhausted his administrative remedies, he asserts that none of FCI Elkton's administrative procedures are adequate to address the extreme circumstances inside the facility, given the infectious nature of the disease. (*Id.* ¶ 14.)

---

[1] The Sixth Circuit recently held that claims of unconstitutional conditions of confinement, that can only be remedied by release, are properly brought under 28 U.S.C. § 2241. *See Wilson v. Williams*, __ F.3d__, 2020 WL 3056217, at *5 (6th Cir. June 9, 2020).

## II.      Analysis

Before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies within the Bureau of Prisons ("BOP"). *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id.*

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Id.*; *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (further citations omitted)).

3

This Court agrees with other district courts that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief under § 2241 due to COVID-19 circumstances. *See, e.g., Bronson v. Carvaljal*, No. 4:20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020); *Simmons v. Warden, FCI-Ashland*, No. 0: 20-040-WOB, 2020 WL 1905289, at *3 (E.D. Ky. Apr. 17, 2020). The same "prudential concerns surrounding the enforcement of the exhaustion requirement" for motions for compassionate release under 18 U.S.C. § 3582 due to COVID-19 apply to a prisoner's request for release via a § 2241 petition. *See Bronson*, 2020 WL 2104542, at **2–3 (noting that the BOP has procedures in place and is in the best position, in the first instance, to determine which federal prisoners are suitable for home confinement based on COVID risk factors).

Melchor acknowledges that he has not exhausted his administrative remedies. (Doc. No. 1 ¶ 14.) Denial of his petition without prejudice for failure to exhaust his administrative remedies, therefore, is warranted. *See, e.g., Simmons*, 2020 WL 1905289, at *3 (denying without prejudice defendant's habeas petition, pursuant to 28 U.S.C. § 2241, for immediate release due to COVID-19 for failure to exhaust administrative remedies); *see also Burke v. Hall*, No. 3:19-cv-01108, 2020 WL 553727, at *1 (M.D. Tenn. Feb. 4. 2020) (denying without prejudice § 2241 habeas petition seeking immediate release because it was "apparent on the face of Burke's . . . petition that he did not exhaust his administrative remedies").

In reaching this conclusion, the Court observes that the BOP has "begun immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, starting with

4

inmates incarcerated at . . . FCI Elkton . . . to determine which inmates are suitable for home confinement." Fed    Bureau of    Prisons,    Home  Confinement, www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp,  April  5,  2020  (last accessed 5-22-2020). The BOP has instructed that "inmates do not need to apply to be considered for home confinement" under this directive, but "any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager." *Id*. The fact that the BOP has already begun to identify vulnerable inmates for release to home confinement represents further proof that it is in the best position to quickly consider whether Melchor should be released due to COVID-19.

## V. Conclusion

For the foregoing reasons, Melchor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 12, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5